A CERTIFIED TRUE COPY
ATTEST

By Mecca Thompson at 10:45 am, Nov 05, 2007

FOR THE UNITED STATES
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

UNITED STATES
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

10:43 am, Nov 05, 2007

FILED
CLERK'S OFFICE

UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

IN RE: PAPST LICENSING DIGITAL CAMERA
PATENT LITIGATION

MDL No. 1880

## TRANSFER ORDER

**Before the entire Panel**: Common party Papst Licensing GmbH & Co. KG (Papst) has moved, pursuant to 28 U.S.C. § 1407, to centralize this litigation in the Northern District of Illinois. This litigation currently consists of five actions listed on Schedule A, two actions in the District of District of Columbia and an action each in the District of Delaware, the Northern District of Illinois, and District of New Jersey.[1] No responding party[2] opposes centralization; however, all responding parties suggest centralization in the District of District of Columbia.

On the basis of the papers filed and hearing session held, we find that these five actions involve common questions of fact, and that centralization under Section 1407 in the District of District of Columbia will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. The actions involve common factual allegations regarding digital cameras made by certain manufacturers, which Papst claims infringe two of its patents; the validity and enforceability of these patents is at issue in all five actions. Centralization under Section 1407 will eliminate duplicative discovery, prevent inconsistent pretrial rulings (particularly on claim construction issues), and conserve the resources of the parties, their counsel and the judiciary.

We conclude that the District of District of Columbia is an appropriate transferee forum in this docket. The first-filed action (*Casio*) has been pending in the District of District of Columbia for about a year, and discovery has progressed further in *Casio* than in any other action. In addition, a transferee forum on the east coast such as the District of District of Columbia provides a geographically convenient forum, inasmuch as several of the alleged infringers operate their businesses from this region.

---

[1] This action was originally filed in the Central District of California but was transferred, pursuant to 28 U.S.C. § 1404, to the District of New Jersey after the Panel's hearing of this matter.

[2] Casio, Inc.; Casio Computer Co., Ltd.; Fujifilm Corp.; Fujifilm USA, Inc.; Matsushita Electric Industrial Co., Ltd.; Olympus Corp.; Olympus Imaging America, Inc.; Samsung Opto-Electronics America, Inc.; Samsung Techwin Co.; and Victor Co. of Japan, Ltd.

- 2 -

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the actions listed on Schedule A and pending outside the District of District of Columbia are transferred to the District of District of Columbia and, with the consent of that court, assigned to the Honorable Rosemary M. Collyer for coordinated or consolidated pretrial proceedings with the actions pending in that district and listed on Schedule A.

PANEL ON MULTIDISTRICT LITIGATION

_____
John G. Heyburn II
Chairman

D. Lowell Jensen           J. Frederick Motz
Robert L. Miller, Jr.      Kathryn H. Vratil
David R. Hansen            Anthony J. Scirica

IN RE: PAPST LICENSING DIGITAL CAMERA
PATENT LITIGATION                                   MDL No. 1880

## SCHEDULE A

<u>District of District of Columbia</u>

Casio, Inc. v. Papst Licensing GmbH & Co. KG, C.A. No. 1:06-1751
Fujifilm Corp., et al. v. Papst Licensing GmbH & Co. KG, C.A. No. 1:07-1118

<u>District of Delaware</u>

Papst Licensing GmbH & Co. KG v. Olympus Corp., et al., C.A. No. 1:07-415

<u>Northern District of Illinois</u>

Papst Licensing GmbH & Co. KG v. Fujifilm Corp., et al., C.A. No. 1:07-3401

<u>District of New Jersey</u>

Papst Licensing GmbH & Co. KG v. Samsung Techwin Co., et al., C.A. No. 2:07-4940